## IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| THE PEOPLE OF GUAM, | CRIMINAL CASE NO. CF0558-20 |
| Plaintiffs, | |
| v. | **DECISION AND ORDER** *Re: People's Motion to Revoke Defendant's Probation and Impose Jail Sentence* |
| DUSTIN SHAI TEDTAOTAO, | |
| Defendant. | |

This matter came before the Honorable Arthur R. Barcinas on December 12, 2024, for a hearing on the People's Motion to Revoke Defendant's Probation and Impose Jail Sentence ("Motion to Revoke"). Present in court were Assistant Attorney General Valerie Nuasa on behalf of the People of Guam, and Defendant Dustin Shai Tedtaotao ("Defendant") was present with counsel Alternate Public Defender Bryson Breazale.

## BACKGROUND

On December 15, 2021, Defendant pled guilty to one count of ASSAULT WITH INTENT TO COMMIT CRIMINAL SEXUAL CONDUCT (As a 3rd Degree Felony), and one count of FOURTH DEGREE CRIMINAL SEXUAL CONDUCT (As a Misdemeanor). He was adjudged accordingly on the same date. As part of his plea agreement, Defendant was sentenced to three (3) years of incarceration at the Department of Corrections ("DOC"), all but one (1) year suspended, with credit for time served, and a three (3) year term of supervised probation.

Defendant was ordered to perform one hundred (100) hours of community service and pay a fine of One Hundred dollars ($100.00), plus Eighty dollars ($80.00) court costs, with all or part of the fine convertible to community service. The conditions of the plea agreement stated, *inter alia,* that Defendant obey the laws of Guam, and report to Probation monthly, and that he be randomly tested for alcohol and/or drugs.

On December 20, 2021, Probation filed the First Violation Report, stating that Defendant had failed to report to the Probation office since July 31, 2020. On December 30, 2021, the Court issued a Warrant of Arrest. On April 22, 2024, Defendant was apprehended, during which he attempted to give the arresting officers a false name. On April 23, 2024, the Court held a Return of Warrant ("ROW") hearing, wherein Defendant apologized for not checking in and alleged that he had a stable home and a job. The Court instructed Probation to meet with the Defendant and assess what happened and provide an Informational Report ("Report"). On May 16, 2024, Probation filed the Report, informing the Court that Defendant was unemployed and did not have a stable home. On the same day, the Court held a continued ROW hearing, wherein the Court sanctioned the Defendant to the twenty-four (24) days served to date on the violation, and extended the Defendant's probation for an additional six (6) months from the original expiration. The Defendant was released and ordered to report to probation no later than 10:00am the next day.

On May 20, 2024, Probation filed the Second Violation Report, informing the Court that Defendant had violated the terms of his probation on May 17, 2024, when he tested presumptive positive for methamphetamine, and subsequently admitted via written declaration that he had smoked methamphetamine that day. On May 29, 2024, the Court issued an Order and Summons for Defendant to appear on July 25, 2024. The Defendant failed to appear, and had not reported

to probation for the months of June and July 2024. The Court then issued a warrant for his arrest. Defendant was arrested on July 31, 2024.

On August 23, 2024, the People filed the instant Motion to Revoke, citing Defendant's repeated failures to comply with probation conditions and arguing that revocation would serve the interests of justice and public safety. On December 5, 2024, Defendant filed an opposition, arguing that revoking probation is excessive and unnecessary, and that Defendant should be given another chance to comply with probation conditions and receive treatment. Defendant also argues that sending Defendant to the Department of Corrections ("DOC") in its current overcrowded conditions would constitute cruel and unusual punishment under the Eighth Amendment of the Constitution. Defendant requests that he be allowed to complete his probation terms, including drug treatment and counseling, rather than being incarcerated.

The Court took the matter under advisement on December 12, 2024.

## DISCUSSION

9 GCA § 80.66, which governs probation revocation proceedings, provides, in relevant part, that:

> (a) At any time before the discharge of the offender or the termination of the period of suspension or probation:
>
> (1) upon a showing of probable cause that an offender has violated a condition of his suspension or probation, the court may summon the offender to appear before it or may issue a warrant for his arrest[, and] ...
> (2) the court, if satisfied that the offender has inexcusably failed to comply with a substantial requirement imposed as a condition of the order may revoke the suspension or probation and sentence or re-sentence the offender. Violation of a condition shall not result in revocation, however, unless the court determines that revocation under all the circumstances then existing will best satisfy the ends of justice and the best interests of the public.

9 GCA § 80.66(a)(1)-(2). (2023).

Probation revocation is a two-step process. *Guam v. Camacho*, 2009 Guam 6 ¶ 27. First, the trial, court must make a factual determination that a violation of a condition of probation actually has occurred. *Id.* If a violation is proven, then the court must determine if the violation warrants revocation of the probation. *Id.*

Defendant's violation of the conditions of his probation is uncontested. Therefore, the only question left before the Court is to determine if the violation warrants revocation.

The goal of a revocation hearing is not to decide guilt or innocence, but to determine whether the defendant remains a good risk for probation. *Id.*; *People v. Manila*, 2005 Guam 6 ¶ 13. Upon reviewing the record, the Court notes Defendant's immediate and total failure to comply with his probation conditions upon release and evasion of arrest for more than two (2) years. After he was finally arrested, at his Return of Warrant hearing on May 16, 2024, Defendant represented to the Court that his housing and employment were stable. Probation's subsequent Report determined Defendant's representations to be false, and that Defendant was unemployed and had not found stable housing. Despite this, the Court gave Defendant another chance, albeit with an extension of his probation term. Defendant then immediately violated his probation the next day, May 17, 2024, by testing presumptive positive for methamphetamine on his drug test and then admitting to smoking methamphetamine earlier. Defendant now requests that the Court deny the Motion to Revoke.

Considering Defendant's immediate noncompliance with the terms of his probation, his avoidance of the Court's summons and warrants, and his misrepresentations to the Court, the Court finds that revocation will best satisfy the ends of justice and the best interests of the public in this case, as Defendant has shown that he is not interested in complying with the terms of his

probation. To the extent that his submission to the May 17, 2024, drug test and subsequent confession might be construed as an attempt to comply with the terms of his probation, the Court finds that, in light of his prior history, it is too little, too late.

Upon review by the Court, Defendant is no longer a good candidate for probation. The complete disregard of his probation terms notwithstanding, the length of time for which Defendant evaded the Court's orders, his misrepresentations to the Court, and subsequent immediate violation give the Court sufficient proof that Defendant cannot be counted on to avoid antisocial activity. Again, he is simply no longer a good candidate for probation, probation being a favor granted by the state, not a right to which Defendant is entitled. *Camacho*, 2009 Guam 6 ¶ 26.

As to Defendant's argument that revocation of his probation would constitute cruel and unusual punishment, the Court does not find that to be the case here, as the Court is not imposing any additional punishment upon Defendant; it is only taking away the privilege that Defendant was given and squandered, and resentencing Defendant to the original terms of his sentence. Defendant agreed to these consequences in his plea agreement, and he was expressly warned that violating his probation terms could lead to incarceration. The U.S. Supreme Court, in *Gagnon v. Spinelli*, 411 U.S. 778, 781 (1973), stated that revocation deprives an individual not of the absolute liberty granted to all citizens, but of the conditional liberty tied to compliance with specific [probation] conditions, as cited by the Defendant in his opposition.

Having violated those conditions, Defendant is no longer entitled to avail himself of that conditional liberty; the only constitutional issue at play in this revocation is one of due process, that is, whether Defendant had fair notice and a hearing, and Defendant has been given both.

Accordingly, the Court does not find that revocation of Defendant's probation constitutes an imposition of cruel and unusual punishment.

## **CONCLUSION**

Based on the foregoing, the Court hereby **GRANTS** the People's Motion to Revoke Defendant's Probation. Defendant's probation is hereby **REVOKED** and Defendant is sentenced to three (3) years of incarceration at the Guam Department of Corrections, with credit for time served.

**SO ORDERED**    MAR 0 7 2025   .

**HONORABLE ARTHUR R. BARCINAS**
**Judge, Superior Court of Guam**

**SERVICE VIA EMAIL**
I acknowledge that an electronic
copy of the original was e-mailed to:

AG, APD

Date: 3/7/25 Time: 5:58 pm
Antonio R Cruz
Deputy Clerk, Superior Court of Guam